**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS**

DARREN M. REESE,

        Petitioner,      :      Case No. 2:20-cv-4124

  - vs -                           Chief Judge Algenon M. Marbley
                                 Magistrate Judge Michael R. Merz

WARDEN, Noble
  Correctional Institution,

                                :
        Respondent.

**REPORT AND RECOMMENDATIONS**

       This habeas corpus case, brought *pro se* by Petitioner Darren Reese, is before the Court on Respondent's Motion to Dismiss (ECF No. 12), asserting the Petition is barred by the one-year statute of limitations enacted by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") in 28 U.S.C. § 2244(d). According to Respondent, Reese's conviction became final on direct review on when his time to petition the United States Supreme Court for certiorari review expired on August 14, 2017. The statute would have begun to run then and expired one year later on August 14, 2018. *Id.* at PageID 325. The Petition was not received and docketed by the Clerk of this Court until August 12, 2020 (Petition, ECF No. 1, PageID 1).

       Petitioner did not file his Petition on the form required by Rule 2(d) of the Rules Governing § 2254 Cases. That form a habeas petitioner to explain, if the petition is filed more than one year after his or her conviction becomes final, why it is not barred by the statute of limitations. The

1

Petition does not contain that information, but the Court nonetheless accepted it and ordered the State to answer.

Confronted with the State's asserted time bar, Petitioner does not assert equitable or statutory tolling or actual innocence under *McQuiggin v. Perkins*, 569 U.S. 383 (2013). Instead, he claims he did file in time. Relying on the prison mailbox rule of *Houston v. Lack,* 487 U.S. 266 (1988), he asserts he deposited his petition in the prison mailing system on July 20, 2017 (Reply, ECF No. 21, PageID 595). He further claims he did not learn that the petition did not reach this Court until July 31, 2020. *Id.* at PageID 614. The support for this claim is found in his sworn statement:

> I state, under penalty of perjury, that Darren M. Reese, a state inmate at Noble Correctional Institution, had documents relating to a federal habeas corpus notarized on Thursday, July 20, 2017. That same day (July 20), records indicate that Reese then deposited said documents in the outgoing institutional mail to the United States District Court for the Southern District of Ohio in Columbus the same day (July 20, 2017), postage prepaid. On July 31, 2020, records indicate that Reese learned said court never received his document. He filed an internal grievance as to this issue, and was instructed to re-file.

*Id.*. The statement is signed by Petitioner and notarized by Diane Mozene, a notary public for the State of Ohio. *Id.*

The Magistrate Judge recommends the Court reject Petitioner's reliance on the mailbox rule and dismiss the Petition as barred by the statute of limitations for the following reasons.

First of all, the Sworn Statement offers inadmissible evidence as to the contents of documents. Reese says "records indicate," but does not provide copies of the records. Under the best evidence rule, Fed. R. Evid. 1002, the content of a document can be proved only by producing

the original of the document or an authentic duplicate.  The Magistrate Judge is not prepared to accept Petitioner's mere word, even though sworn, about what the "records indicate."

More importantly, the Magistrate Judge does not find Reese's assertion credible.  He has been vigorously seeking to overturn his conviction in the Ohio courts.  It is simply not credible that an imprisoned person, whose freedom depends on action by this Court, would wait three years to inquire about the status of his habeas corpus case.  The prison mailbox rule, having been endorsed by the Supreme Court of the United States, is the law of the land.  But *Houston* does not require us to accept every assertion that a prisoner has complied with it.

**Conclusion**

In accordance with the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed as barred by the statute of limitations.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

July 7, 2021.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.