# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

DARREN M. REESE,

        Petitioner,     :     Case No. 2:20-cv-4124

 - vs -     District Judge Algenon M. Marbley
    Magistrate Judge Michael R. Merz

WARDEN, Noble
  Correctional Institution,

    :

        Respondent.

## ORDER TO COMPLETE THE RETURN OF WRIT

This habeas corpus case was brought *pro se* by Petitioner Darren Reese to obtain relief from his conviction in the Muskingum County Court of Common Pleas on two drug-related felonies. Upon initial review under Rule 4 of the Rules Governing § 2254 Cases, Magistrate Judge Kimberly Jolson ordered Respondent to

> file an answer conforming to the requirements of Rule 5 of the Rules Governing § 2254 Cases within SIXTY (60) DAYS of the date of this Order. Specifically, said answer shall respond to each allegation made in the Petition, raise any affirmative defense relied on by Respondent, and state whether, from Respondent's perspective, any claim in the Petition is barred by a failure to exhaust state remedies, a procedural bar, nonretroactivity, or a statute of limitations.

(Order, ECF No. 3, PageID 16.)

Instead of complying with that Order as written, Respondent filed a Motion to Dismiss, raising only a statute of limitations defense (ECF No. 12). Shortly after that motion was filed, the

1

Magistrate Judge reference in the case was transferred to the undersigned (ECF No. 13). The Motion became ripe for decision when Petitioner filed his Reply on July 1, 2021 (ECF No. 21).

In response to the statute of limitations claim, Petitioner asserted he had actually filed his Petition by depositing it in the prison mail system July 20, 2017, but did not learn until July 2020 that the Court had never received it (Traverse, ECF No. 21, PageID 595). This assertion appeared dubious to the undersigned, particularly because it was supported only buy Petitioner's declaration and his representation of the contents of documents not provided to the Court. On that basis I recommended the Motion to Dismiss be granted (Report and Recommendations, ECF No. 22).

In objecting to that Report, Petitioner has supplied some corroboration of his claim of mailing in July 2017 (ECF No. 25). Based on that corroboration, the Magistrate Judge has withdrawn the prior Report (Notation Order, ECF No. 26). But the Court cannot proceed to adjudicate the case in full because Respondent has not filed a complete answer.

It is accordingly ORDERED that not later than August 19, 2021, Respondent file an answer/return of writ complying with Judge Jolson's Order for Answer, i.e., complying with Rule 5 of the Rules Governing § 2254 Cases. Not later than twenty-one days after the Answer is filed and served, Petitioner may file an amended traverse.

The withdrawal of the prior Report should not be taken as a rejection of Respondent's statute of limitations defense on the merits. Respondent's counsel may wish to investigate further the proffered documentation supporting Petitioner's mailbox claim and submit evidence on the question.[1]

---

[1] The question of whether the Petition was timely filed is not a question on which the state courts have rendered a finding. Evidence on that question is therefore not barred by *Cullen v. Pinholster*, 563 U.S. 170 (2011).

IT IS SO ORDERED.

August 5, 2021.

s/ *Michael R. Merz*<br>United States Magistrate Judge