# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

DARREN M. REESE,

|  |  |  |  |
|---|---|---|---|
| | Petitioner, | : | Case No. 2:20-cv-4124 |
| - vs - | | | Chief Judge Algenon L. Marbley<br>Magistrate Judge Michael R. Merz |

JAY FORSHEY, WARDEN,
  Noble Correctional Institution,

| | | : | |
|---|---|---|---|
| | Respondent. | | |

# REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought *pro se* by Petitioner Darren Reese under 28 U.S.C. § 2254. Originally referred to Magistrate Judge Chelsey M. Vascura, the reference was transferred to the undersigned to help balance the Magistrate Judge workload in the District (ECF No. 13).

Petitioner dated his signature on the Petition August 10, 2020, but he does not give a date as to when it was deposited in the prison mail system (ECF No. 1, PageID 4). It was apparently mailed August 11, 2020, and received and docketed by the Clerk on August 12, 2020. On September 4, 2020, after Petitioner paid the filing fee, Magistrate Judge Jolson ordered the Respondent to file an answer (ECF No. 3). After three extensions of time, Respondent filed a Motion to Dismiss instead of an answer, asserting the Petition was barred by the statute of limitations, 28 U.S.C. § 2244(d) (ECF No. 12).

On July 1, 2021, Petitioner filed what he labeled a Traverse to the Motion to Dismiss (ECF No. 21). The Magistrate Judge filed a Report and Recommendations (ECF No. 22), but withdrew

it in light of Petitioner's Objections (ECF Nos. 25 & 26).   Respondent was then ordered to complete the Return (ECF No. 27) which he did on November 8, 2021 (ECF No. 36).  Petitioner was notified that his reply (traverse) was due December 2, 2021 (ECF No. 37) and he filed it after one extension of time (ECF No. 42).  The case is now ripe for decision on the Petition (ECF No. 1), the State Court Record (ECF No. 18), the Return (ECF No. 36) and the Traverse (ECF No. 42).

**Litigation History**

On June 3, 2015, the Muskingum County Grand Jury indicted Reese on five counts of Trafficking in Drugs (Cocaine) in violation of Ohio Revised Code § 2925.03(A)(1)(Counts 1, 2 , 3, and 5), with Count 3 carrying a Major Drug Offender specification; one count of Illegal Manufacture of Drugs, with a major drug offender specification (Cocaine), in violation of Ohio Revised Code § 2925.04(A) (Count 4); and one count of Possession of Drugs (Cocaine) in violation of Ohio Revised Code §  2925.11(A) (Count 6). On page 5 the indictment stated that Counts 1, 2, 3, 5 and 6 were all F/1 (first-degree felony) offenses, and Count 4 was an F/2 (second-degree felony) offense. (Indictment, State Court Record ECF No. 18, Exhibit 1).

On August 17, 2015, Reese withdrew his former pleas of not guilty and entered a no-contest plea to all counts with Count Two amended to a third-degree felony and Count Five to a second-degree felony.  The court accepted the plea and found Reese guilty on stipulated facts.  He was sentenced to an aggregate prison term of sixteen years.

Reese appealed to the Ohio Fifth District Court of Appeals raising only one assignment of error:  "The trial court improperly convicted and sentenced appellant based on the total weight of the narcotics rather than the weight of the pure amount of cocaine." (Appellant's Brief, State Court Record ECF No. 18, Exhibit 13, PageID 398).  The Fifth District affirmed. *State v. Reese,* 2016-

Ohio-1591 (Ohio App. 5th Dist. Apr. 15, 2016).

Reese appealed to the Supreme Court of Ohio, raising the following proposition of law: "The state, in prosecuting cocaine offenses involving mixed substances under R.C. 2925.11(C)(4)(a) through (f), must prove that the weight of the cocaine meets the statutory threshold, excluding the weight of any filler materials used in the mixture." (Memorandum in Support of Jurisdiction, State Court Record, ECF No. 18, Ex. 17, PageID 418). Noting that this proposition of law had already been briefed and argued in the pending Ohio Supreme Court case of *State v. Gonzales*, No. 2015-0384, Reese asked the Ohio Supreme Court to accept jurisdiction and withhold judgment pending the *Gonzales* decision. *Id.* at Ex. 18.

The Ohio Supreme Court decided *Gonzales* on December 23, 2016, holding that the "offense level for possession of cocaine was determined only by weight of actual cocaine, not by total weight of cocaine plus any filler." *State v. Gonzales*, 150 Ohio St. 3d 261 (2016)(*Gonzales I*). A week later and on the authority of *Gonzales*, the Ohio Supreme Court reversed Reese's conviction and remanded the case to the trial court. *State v. Reese*, 150 Ohio St. 3d 564 (2016). Thereafter the Ohio Supreme Court granted the State's motion for reconsideration in *Gonzales* and held that entire compound, mixture, preparation, or substance was to be considered in determining an appropriate penalty. *State v. Gonzales,* 150 Ohio St. 3d 276 (2017)(*Gonzales II*). On the basis of this new *Gonzales* decision, the Supreme Court granted reconsideration in this case and affirmed the court of appeals. *State v. Reese,* 150 Ohio St. 3d 565 (2017).

On November 30, 2018, Reese filed a Motion to Correct Void Judgment in which he claimed:

> 1. Reese's sentence for trafficking in drugs & possession of drugs are void, because the State failed to properly aggravate [sic] them from fifth degree felonies.

3

> 2. Because Count 3 (trafficking in drugs) and Count 4 (illegal manufacturing of the same drugs) are allied offenses of similar import, the failure to merge at the sentencing hearing renders convictions void ab initio, under R.C. § 2941.25 and the Double Jeopardy Clause of the 5th U.S.C.A.

(State Court Record, ECF No. 18, Ex. 24). The trial court denied that Motion both on the merits and because Reese had not included these claims on direct appeal. *Id.* at Ex. 28. Reese appealed but the Fifth District affirmed the *res judicata* holding of the trial court. *State v. Reese,* 2019-Ohio-3453 (Ohio App. 5th Dist. Aug.26, 2019), appellate jurisdiction declined, 157 Ohio St. 3d 1538 (2019).

On June 12, 2019, Reese applied to reopen his appeal under Ohio App. R. 26(B). (State Court Record, ECF No. 18, Exhibit 41). The Fifth District denied the Application as untimely and the Supreme Court of Ohio declined to exercise appellate jurisdiction. *Id.* at Exs. 42 and 46.

Reese then filed his Petition for Writ of Habeas Corpus in this Court, docketed on August 20, 2020, raising the following grounds for relief:

> **Ground One:** The appellate court used non-federal grounds to deny review of his federal claims.
>
> **Factual Support:** This issue was brought up in my memorandum in support of jurisdiction in O. S. Ct. No. 2019-1211, via the explanation presented. I met the 90-day barometer, but to evade federal review, the appellate court expanded the terms of the rule. Any other appellant who has demonstrated cause for filing outside the 90-day limit has received review of the merits of application.
>
> **Ground Two**: Received ineffective assistance of appellate counsel.
>
> **Factual Support**: Appellate counsel failed to raise "dead-bang" winning arguments.
>
> **Ground Three:** Convictions and sentences for drug offenses are void based upon being greater than that found by grand jury.
>
> **Factual Support:** Because the trial court had no authority to correct a defective indictment, and the State could not constructively amend such on no contest pleas, any conviction and sentence in excess of

4

that found by the grand jury is void *ab initio*. I attacked the convictions and sentences at issue, as void and voidable.

**Ground Four:** Sentences for allied offenses of similar import constitute double-jeopardy.

**Factual Support:** The issue of similar import for illegal manufacturing of drugs and trafficking in the same drugs was well-settled by the very appellate court I presented grievance. Therefore, the doctrine of *stare decisis* employed to render a failure to correct plain error of constitutional magnitude. This violated the Double Jeopardy Clause and Ohio's codification of such in O.R.C. 2941.25. This voided the sentences pursuant to constitutional and statutory grounds. Notwithstanding the fact that Ohio law provides the State with a corrective measure, the Supreme Court demands an absolute sweep. Based upon opportunity to correct, passing invokes federal jurisdiction.

This matter invoked this Court's duty to protect and maintain the supremacy of the Constitution, *Ward v. Bd. of Comm'rs of Love City* (1920), 253 U.S. 17, 23, and warrants a conditional writ to correct federal violations.

(ECF No. 1, Petition, at PageID 2-4).

# Analysis

### The Statute of Limitations

The Warden asserts the Petition is time barred in its entirety because it was filed August 12, 2020, more than two years after the statute of limitations expired on August 14, 2018 (Return, ECF No. 36, PageID 660). Reese does not quarrel with the Respondent's calculation of how the limitation period should be calculated. Instead he claims the benefit of the prison mail box rule which counts an inmate's filing as of the date he deposits a filing in the prison mail box system; he claims he deposited his petition in that system on July 20, 2017, even before the statute began to run.

5

In response to the original Motion to Dismiss, Reese filed his own sworn statement which

averred:

> I state, under penalty of perjury, that Darren M. Reese, a state inmate at Noble Correctional Institution, had documents relating to a federal habeas corpus notarized on Thursday, July 20, 2017. That same day (July 20), records indicate that Reese then deposited said documents in the outgoing institutional mail to the United States District Court for the Southern District of Ohio in Columbus the same day (July 20, 2017), postage prepaid. On July 31, 2020, records indicate that Reese learned said court never received his document. He filed an internal grievance as to this issue, and was instructed to re-file.

(Reply, ECF No. 21, PageID 614).

The Magistrate Judge recommended the Court reject this explanation and dismiss the case

as time-barred for two reasons:

> First of all, the Sworn Statement offers inadmissible evidence as to the contents of documents. Reese says "records indicate," but does not provide copies of the records. Under the best evidence rule, Fed. R. Evid. 1002, the content of a document can be proved only by producing the original of the document or an authentic duplicate. The Magistrate Judge is not prepared to accept Petitioner's mere word, even though sworn, about what the "records indicate."
>
> More importantly, the Magistrate Judge does not find Reese's assertion credible. He has been vigorously seeking to overturn his conviction in the Ohio courts. It is simply not credible that an imprisoned person, whose freedom depends on action by this Court, would wait three years[1] to inquire about the status of his habeas corpus case. The prison mailbox rule, having been endorsed by the Supreme Court of the United States, is the law of the land. But *Houston* [*v. Lack,* 487 U.S. 266 (1988)] does not require us to accept every assertion that a prisoner has complied with it.

(Report, ECF No. 22, PageID 617-18).

Reese objected to the Report and the Magistrate Judge withdrew it to allow fuller

---

[1] Reese claimed he learned this Court had not received his Petition on July 31, 2020. He has never explained how he learned this or why he didn't inquire earlier.

development of this issue (ECF Nos. 25, 26).  In support of his Objections, Reese provided the

Declaration of Unit Secretary Diane Mozena:

> I declare, under penalty of perjury, that Darren M. Reese, a state inmate here at Noble Correctional Institution, did in fact have documents relating to a federal habeas corpus notarized on Thursday, July 20, 2017. That same day (July 20), records indicate that inmate Reese then handed a staff member said documents to be deposited in the outgoing mail to the United States District Court for the Southern District of Ohio in Columbus, postage was prepaid. (See Attachment). On July 31, 2020, records also indicate that Reese learned the United States District Court never received his documents. Reese filed an internal grievance as to this issue, and was instructed to re-file.

ECF No. 25 at PageID 626.

Ms. Mozena's Declaration leaves the Court with many of the same concerns it had before. It does not comply with the best evidence rule and she could have attached and authenticated the records in question so that the Court could decide for itself what they "indicate."  Nonetheless, the Warden does not deny Ms. Mozena holds the position she claims and her Declaration is at least some external corroboration of Reese's claims.

Further litigation of the statute of limitations issue would be a waste of judicial resources: it could not be adjudicated without an evidentiary hearing with at least Ms. Mozena and Reese in attendance at a time when court transport and security services are extremely taxed.  The statute of limitations is not jurisdictional. *McClendon v. Sherman,* 329 F.3d 490 (6th Cir. 2003); *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001), so the Court will not be exceeding its jurisdiction in deciding the claims on their merits despite the limitations defense.

The Magistrate Judge therefore recommends the Court find the Petition was timely filed and overrule the Warden's statute of limitations defense.

**Ground One: Use of Non-Federal Grounds to Deny Review of Federal Claims**

In his First Ground for Relief, Reese complains that the Fifth District Court of Appeals used non-federal grounds to deny his federal claims.

When Reese filed his Application to Reopen his direct appeal to raise claims of ineffective assistance of appellate counsel, he attempted to justify his late filing by claiming:

**Good Cause for Untimeliness**

App.R. 26(B)(2)(b) requires an applicant to make a showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate decision.

While there are a host of reasons the Supreme Court of Ohio has consistently rejected as good cause for untimely filing (indigency, prose status, and ignorance of the law, to name a few), Reese proffers that he could not have timely discovered the operative facts supporting claim of ineffective assistance of appellate counsel until request to correct void judgment below. The judgment from the proceedings clearly establishes that claims should have been raised on direct appeal. Although the propriety of the judgment is not being attacked here, the sentencing hearing transcript (attached) demonstrates another story. Reese fully understands the State's interest in finality of causes, but proffers that such interest always yields to void matters. Therefore, any attack on the void convictions and sentences has been tolled ab initio.

Furthermore, due to appellate counsel's *Gonzales* challenge not being resolved until May 16, 2017, time had well-expired for seeking 26(8) relief. Again, critique of counsel's performance didn't come until void judgment proceedings.

(Application, State Court Record, ECF No. 18, Ex. 41, PageID 542-43).

The Fifth District concluded that Reese's right to file an application to reopen did not ripen until May 17, 2017, the day after the Fifth District's judgment was affirmed on the basis of *Gonzales II* (Judgment Entry, State Court Record, ECF No. 18, Ex. 42, PageID 553). However he did not file the 26(B) Application until June 22, 2019, and failed to show good cause for his delay,

8

summarily rejecting his explanation of good cause.  *Id.*

On appeal to the Supreme Court of Ohio Reese wrote

> The court of appeals reasoned that Reese had met good cause to
> excuse the 90-day filing requirement, but went on to expand this
> period by the total time of delay.  This expansion makes the 90-day
> limit a starting point, as opposed to a deadline, when it comes to
> delayed reopening.

(Memorandum in Support of Jurisdiction, State Court Record, ECF No. 18, Ex. 44, PageID  558).

Reese carries this argument forwards in the "Factual Support" for Ground One, claiming he "met

the 90-day barometer, but to evade federal review, the appellate court expanded the terms of the

rule. Any other appellant who has demonstrated cause for filing outside the 90-day limit has

received review of the merits of application."

Respondent asserts Ground One does not state a claim on which habeas corpus relief can

be granted because there is no federal constitutional right to have a state court accept any particular

showing of good cause to excuse an untimely filing (Return, ECF No. 36, PageID 674).

Reese responds by citing the rule of lenity and accusing the Supreme Court of Ohio of

failing to apply it in *Gonzales* (Traverse, ECF No. 42, PageID 704).  He then recites at length the

facts in *Gonzales* and the different opinions of the justices in *Gonzales I* and *Gonzales II*. *Id.* at

PageID 704-14. He offers various arguments for why the rule of lenity offers an opportunity to the

courts to introduce mercy into sentence calculation. *Id.*

Much of what Reese argues in his Traverse might be persuasive if this Court were in a

position to apply the rule of lenity to interpreting the Ohio statutes prohibiting possession and

trafficking in cocaine.  But to make the argument to this Court misunderstands our role.

Federal habeas corpus is available only to correct federal constitutional violations.  28 U.S.C.

§ 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990);

9

*Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).   "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring).

The question of the correct interpretation of an Ohio statute is a question of state law. Whether the rule of lenity suggests a particular outcome to that process is also a question of state law, as evidenced by its discussion in the *Gonzales* opinions.  But the United States Supreme Court, although frequently applying the rule of lenity in interpreting federal criminal statutes, has never mandated its application by the state courts as a matter of constitutional law.  Our court is bound to accept the interpretation of the Ohio statutes as given by the Ohio Supreme Court. *Bradshaw v. Richey*, 546 U.S. 74 (2005).

Because Ground One does not state a claim upon which federal habeas corpus relief can be granted, it should be dismissed.

**Ground Two:  Ineffective Assistance of Appellate Counsel**

In his Second Ground for Relief, Reese claims he received ineffective assistance of appellate counsel in that his appellate attorney did not raise claims that were "dead-bang" winners."  The Petition does not say what those claims are (ECF No. 1, PageID 3).  In his Traverse, however, Reese points to his claims that (1) the indictment was defective and (2) merger of allied offenses was required by Ohio Revised Code § 2941.25 and the Double Jeopardy Clause (ECF No. 42,

10

PageID 719-20, citing *United States v. Cruikshank,* 92 U.S. 542 (1875), and United States v. Cook, 84 U.S. 168 (1872)).

The proper forum for ineffective assistance of appellate counsel claims in Ohio is an application to reopen the appeal under Ohio R. App. P. 26(B). *State v. Murnahan*, 63 Ohio St. 3d 60 (1992). Reese properly included these two claims as incorrectly omitted assignments of error on direct appeal when he filed his 26(B) Application.

But the Fifth District did not reach the merits of these claims because Reese's 26(B) application was filed almost two years too late. On that basis Respondent argues the ineffective assistance of appellate counsel claims are procedurally defaulted (Return, ECF No. 36, PageID 675 *et seq*.). In his Traverse, Reese argues the merits of his ineffective assistance of appellate counsel claims, but says nothing to excuse the asserted procedural default (ECF No. 42, PageID 714-19).

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal

habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v.*

*Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*,

456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

> [A] federal court may not review federal claims that were
> procedurally defaulted in state court—that is, claims that the state
> court denied based on an adequate and independent state procedural
> rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct. 612, 175
> L.Ed.2d 417 (2009).  This is an important "corollary" to the
> exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124
> S.Ct. 1847, 158 L.Ed. d 659 (2004).  "Just as in those cases in which
> a state prisoner fails to exhaust state remedies, a habeas petitioner
> who has failed to meet the State's procedural requirements for
> presenting his federal claims has deprived the state courts of an
> opportunity to address" the merits of "those claims in the first
> instance." *Coleman* [*v. Thompson*], 501 U.S. [722,] 731-732, 111
> S.Ct. 2546, 115 L.Ed.2d 640 [(1991)].  The procedural default
> doctrine thus advances the same comity, finality, and federalism
> interests advanced by the exhaustion doctrine.  See *McCleskey v.*
> *Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017). "[A] federal court may not review federal claims

that were procedurally defaulted in state courts." *Theriot v. Vashaw*, 982 F.3d 999 (6th Cir. 2020),

citing *Maslonka v. Hoffner*, 900 F.3d 269, 276 (6th Cir. 2018) (alteration in original) (quoting

*Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017)).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a

habeas claim is precluded by procedural default. *Barton v. Warden, S. Ohio Corr. Facility,* 786

F.3d 450, 464 (6th Cir. 2015), *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*);

*Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th

Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261

F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule
> that is applicable to the petitioner's claim and that the petitioner
> failed to comply with the rule.

. . . .

> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).

> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.

> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002). A habeas petitioner can overcome a procedural default by showing cause for the default and prejudice from the asserted error. *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015).

Ohio has a relevant procedural rule: claims of ineffective assistance of appellate counsel must be raised in an application for reopening under Ohio R. App. P. 26(B) filed not later than ninety days after the appellate judgment unless good cause for the delay is shown. The Sixth Circuit has repeatedly held that rule is an adequate and independent state procedural rule. *Hoffner v. Bradshaw*, 622 F.3d 487, 504-505 (6th Cir. 2010); *Parker v. Bagley,* 543 F.3d 859, 861 (6th Cir. 2008); *Scuba v Brigano*, 527 F.3d 479, 488 (6th Cir. 2007)(distinguishing holding in capital cases); *Monzo v. Edwards*, 281 F.3d 568 (6th Cir. 2002); *Tolliver v. Sheets*, 594 F.3d 900 (6th Cir. 2010), *citing Rideau v. Russell*, 2009 WL 2586439 (6th Cir. 2009).

The Fifth District plainly enforced the 26(B) time limit in this case. Reese has not shown excusing cause and prejudice. Accordingly, the Second Ground for Relief should be dismissed as procedurally defaulted.

13

**Ground Three:  Convictions Are Void as Beyond the Indictment**

Reese first raised this claim in his Motion to Vacate Void Judgment, filed November 30, 2018, where he asserted:

> As a general rule, a void judgment is one that has been imposed by a court that lacks subject-matter jurisdiction over the case or the authority to act. *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 12, citing *State v. Payne*, 114 Ohio St. 3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 27. A void judgment is also insulated from the principle of res judicata, because it may be reviewed by direct appeal or collateral attack. *State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 8.
>
> Equally important, the issue of jurisdiction cannot be waived, by failure to challenge nor guilty or no contest plea. No jurisdiction can be bestowed where none exists. *Rogers v. Ohio* (1913), 87 Ohio St. 308, paragraph one of the syllabus. This remains whether or not the parties concede it. Mitchell v. Maurer (1934), 293 U.S. 237, 244. It is also axiomatic that jurisdiction simply means the court's constitutional or statutory power to adjudicate the case.  *Steel Co. v. Citizens for a Better Environment* (1998), 523 U.S. 83, 88.

(State Court Record, ECF No. 18, Ex. 24, PageID 460-61.)  Common Pleas Judge Fleegle decided this claim on the merits, finding that each count of the indictment was properly designated.  (Entry, State Court Record, ECF No. 18, Ex. 28, PageID 475).  On appeal, the Fifth District read this claim as asserting that the alleged defects in the indictment deprived the trial court of subject matter jurisdiction.  *State v. Reese,* 2019-Ohio-3453 ¶ 5 (Ohio App. 5th Dist. Aug. 26, 2019).  It rejected that argument as follows:

> {¶ 12} In his two assignments of error, appellant challenges the trial court's denial of his motion to correct void judgment.
>
> {¶ 13} Appellant could have raised his complained of issues in his direct appeal, but did not do so. "Under the doctrine of *res judicata*, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that

14

judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. *See Grava v. Parkman Twp.,* 73 Ohio St.3d 379, 653 N.E.2d 226 (1995).

{¶ 14} Accordingly, "[t]o survive preclusion by *res judicata,* a petitioner must produce new evidence that would render the judgment void or voidable and must also show that he could not have appealed the claim based upon information contained in the original record." *State v. Nemchik,* 9th Dist. Lorain No. 98CA007279, 2000 WL 254908, *1 (Mar. 8, 2000). Void sentences are "not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." *State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph one of the syllabus. However, a voidable sentence "can be set aside only if successfully challenged on direct appeal." *State v. Payne,* 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 28, citing *State v. Filiaggi,* 86 Ohio St.3d 230, 240, 714 N.E.2d 867 (1999).

{¶ 15} Because appellant failed to raise the issues herein in his direct appeal, he is attempting to circumvent the doctrine of res judicata by claiming his convictions were void because the trial court lacked subject matter jurisdiction. "Because subject matter jurisdiction goes to the power of the court to adjudicate the merits of a case, it can never be waived and may be challenged at any time." *United States v. Cotton,* 535 U.S. 625, 630, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002); *State ex rel. Tubbs Jones v. Suster,* 84 Ohio St.3d 70, 75, 701 N.E.2d 1002 (1998).

{¶ 16} Appellant argues the trial court lacked subject matter jurisdiction due to defects in the indictment. As explained by our colleagues from the Seventh District in *State v. Bragwell,* 7th Dist. Mahoning No. 06-MA-140, 2008-Ohio-3406, ¶ 14:

> A defective indictment renders the charge voidable, not void. *State v. Haley,* (July 7, 1995), 2d Dist. Nos. 94-CA-89, 94-CA-108, 94-CA-109. The error does not deprive the trial court of subject matter jurisdiction and the error is generally "waived on appellate review when a timely objection before the trial court could have permitted [its] correction."

*Id.*, quoting *City of Trotwood v. Wyatt* (Jan. 21, 1993), 2d Dist. No. 13319; *State v. Wade* (1978), 53 Ohio St.2d 182, 373 N.E.2d 1244, vacated on other grounds (1978), 438 U.S. 911, 98 S.Ct. 3138, 57 L.Ed.2d 1157.

{¶ 17} In reviewing appellant's arguments herein on the alleged deficiencies of the indictment, we find they do not affect the trial court's subject matter jurisdiction. Appellant could have raised the defects in the indictment in his direct appeal, but failed to do so; therefore, his arguments are barred by the doctrine of *res judicata*. Same for his argument on allied offenses and merger of sentence; he did not raise the issue in his direct appeal and res judicata applies.

*Id.*

To summarize, the Fifth District held that any possible defect in the indictment in this case did not deprive the Common Pleas Court of subject matter jurisdiction. If the indictment had been sufficiently defective to render the judgment voidable, that claim would have to have been raised on direct appeal. Because it was not, the claim was barred by *res judicata*.

The Ohio rule of *res judicata* in criminal cases, enunciated in *State v. Perry, supra,* has long been held to be an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001).

Reese's defective indictment claim is therefore barred by his failure to present it on direct appeal[2]. That failure is not excused by ineffective assistance of appellate counsel because Reese has also procedurally defaulted his ineffective assistance of appellate counsel claims. See Ground Two above and *Edwards v. Carpenter*, 529 U.S. 446 (2000). Ground Three should therefore be dismissed as procedurally defaulted.

---

[2] Even if the claim had been presented on direct appeal, it would have been barred by Reese's failure to contemporaneously object in the trial court.

**Ground Four:  Double Jeopardy**

In his Fourth Ground for Relief, Reese claims his convictions for manufacturing drugs and then trafficking the same drugs violated the Ohio allied offenses statute, Ohio Revised Code § 2941.25, and the Double Jeopardy Clause.

Like Ground Three, this claim was first raised in Reese's Motion to Vacate Void Judgment. Judge Fleegle did not decide this claim on the merits, but instead found it was waived because it was not raised either at sentencing or on direct appeal and therefore barred from later litigation by *res judicata* (Judgment, State Court Record, ECF No. 18, Ex. 28. PageID 475).  The Fifth District affirmed this conclusion.  *State v. Reese, supra,* at ¶ 17.  As noted above, the Ohio doctrine of *res judicata* is an adequate and independent ground of decision, enforced in this case.  Therefore Ground Four is procedurally defaulted and should be dismissed on that basis.

In his Traverse, Reese argues that somehow his no contest plea is infected with ineffective assistance of trial counsel (ECF No. 42, PageID 720, citing *Hill v. Lockhart*, 474 U.S. 52, 57 (1985), and *Strickland v. Washington,* 466 U.S. 668 (1984).)  Although ineffective assistance of trial counsel can excuse a failure to make a contemporaneous objection, such as the failure to seek merger at sentencing, the ineffective assistance of trial counsel claim must itself be properly raised in the state courts. *Edwards, supra.*  Because the failure to merge was apparent on the face of the appellate record, it would have had to be raised on direct appeal or be barred by *res judicata*.  *State v. Perry, supra.*  No such claim was made on direct appeal and Reese's claims of ineffective assistance of appellate counsel which might have excused that failure have themselves been procedurally defaulted.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

January 18, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #