**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS**

DARREN M. REESE,

         Petitioner,    :    Case No. 2:20-cv-4124

  - vs -                          Chief Judge Algenon L. Marbley
                                  Magistrate Judge Michael R. Merz

JAY FORSHEY, WARDEN,
 Noble Correctional Institution,

                                :

         Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATION

      This is a habeas corpus case brought *pro se* by Petitioner Darren Reese under 28 U.S.C. § 2254.  In a Report and Recommendation filed January19, 2022, the undersigned recommended that the Warden's statute of limitations defense be overruled, but that the Petition be dismissed on the merits (ECF No. 43).  Petitioner objected (ECF No. 46), but the Warden has neither objected as to the statute of limitations recommendation nor responded to Petitioner's Objections and the time for objections has closed.  Chief Judge Marbley has recommitted the case for consideration of Petitioner's Objections (ECF No. 47).

      Because the Warden filed no Objections, his statute of limitations defense may be overruled without further analysis.

**Ground One: Use of Non-Federal Grounds to Deny Review of Federal Claims**

In his First Ground for Relief, Reese complains that the Fifth District Court of Appeals "used non-federal grounds to deny his federal claims." On its face, this does not set forth a claim for habeas corpus relief: state courts are completely free to use adequate and independent state law grounds to deny federal claims. For example, under Ohio law a motion to suppress evidence could be denied because it wasn't filed within the time allowed by Ohio procedural law.

Regardless of pertinence of the heading, Reese makes a number of substantive arguments in this portion of the Petition and Objections, each of which is examined below.

Reese is imprisoned on his plea of no contest to Ohio felonies involving possession or trafficking in cocaine. Having pleaded no contest, and been convicted, he appealed on the theory that the Ohio cocaine possession statutes should be read as applying only to pure amounts of cocaine, measured without weighing any filler material[1] mixed with the cocaine.[2] The Ohio Fifth District Court of Appeals rejected that assignment of error and affirmed the conviction. *State v. Reese,* 2016-Ohio-1591 (Ohio App. 5th Dist. Apr. 15, 2016). Reese carried the same issue forward to the Ohio Supreme Court which initially agreed with him and reversed his conviction on the basis of *State v. Gonzales*, 150 Ohio St. 3d 261 (2016)(*Gonzales I*). However, the Supreme Court reversed course shortly later in *State v. Gonzales,* 150 Ohio St. 3d 276 (2017)(*Gonzales II*) and reinstated Reese's conviction on that basis. *State v. Reese,* 150 Ohio St. 3d 565 (2017).

Eighteen months later in November 2018, Reese filed a Motion to Vacate Void Judgment in the trial court, raising different issues; because those issues could have been raised on direct

---

[1] Often baking soda or baby laxative.
[2] Reese sole assignment of error on direct appeal was: "The trial court improperly convicted and sentenced appellant based on the total weight of the narcotics rather than the weight of the pure amount of cocaine." (Appellant's Brief, State Court Record ECF No. 18, Exhibit 13, PageID 398).

appeal, the trial court found them barred by *res judicata*.  Then on June 12, 2019, Reese moved under Ohio R. App. P. 26(B) to reopen his direct appeal.  The time limit on applications to reopen direct appeals is ninety days from judgment; the Fifth District applied that limit to find Reese's application untimely.

Reese's argument to overcome that time limit seems to be that (1) the rule of lenity in statutory interpretation is commanded by the United States Constitution, (2) applying the rule of lenity would require using only the weight of pure cocaine in a prosecution, (3) therefore Reese's convictions are void; and (4) there is no time limit on challenging a void conviction.

The Report concluded that whether to apply the rule of lenity is a question of state law, not federal constitutional law, and recommended dismissal of Ground One on the merits (ECF No. 43, PageID 732).

Reese objects that the rule of lenity has been "called into service to protect the constitutional right to fair warning."  (Objections, ECF No. 46, PageID 751, quoting *Lurie v. Wittner*, 228 F.3d 113, 126 (2nd Cir. 2000)."  The *Lurie* Court continued that, because the rule is a "canon of construction rather than a federal law, federal courts cannot vacate a state conviction on lenity grounds unless a state criminal statute (i) is unconstitutionally vague, or (ii) otherwise fails to give constitutionally required 'fair notice.'" *Id*. citing *Sabetti v. Dipaolo,* 16 F.3d 16, 19 (1st Cir. 1994), and *Poole v. Wood*, 45 F.3d 246, 249 (8th Cir. 1995).

*Lurie* is completely consistent with the Report's conclusion that the rule of lenity does not provide a constitutional basis for overturning Reese's conviction here.  Reese's argument in the Ohio courts was not that he did not receive fair warning that it was criminal conduct to possess or distribute cocaine.  Rather he argued the Ohio statute punished possession or distribution of cocaine only on the basis of the amount of pure cocaine (as opposed to cocaine plus filler) involved,

3

that that was the intent of the General Assembly. The prohibition in the statute is unmistakably clear: do not possess or distribute cocaine, with the level of punishment calibrated to the weight involved, however that weight is determined.

Having argued at some length that application of the rule of lenity is constitutionally required, Reese then adds a straight "fair notice" argument in his Objections: "The former version of § 2925.11(C)(4)(f), which was in effect at the time of Gonzales and Reese's[3] conduct, did not include the term mixture. Thus it does not give fair warning of prohibited conduct and therefore violates their Fifth and Fourteenth Amendment Due Process Rights." (Objections, ECF No. 46, PageID 761). However, one searches the Petition in vain for such a claim and claims cannot be added to a habeas corpus case through a traverse, much less objections. *Jalowiec v. Bradshaw*, 657 F.3d 293 (6th Cir. 2011), *citing Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005).

Moreover, no such claim was made in the Ohio courts and it is thus procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

Finally, the fair notice claim is without merit. A law may be void for vagueness for two independent reasons. "First, it may fail to provide the kind of notice that will enable ordinary

---

[3] Gonzales and Reese are not co-defendants, but each had the same issue of purity of the drugs trafficked.

people to understand what conduct it prohibits; second, it may authorize and even encourage arbitrary and discriminatory enforcement. *Chicago v. Morales,* 527 U.S. 41 (1999), *citing Kolender v. Lawson,* 461 U.S. 352 (1983). "The void-for-vagueness doctrine prohibits the government from imposing sanctions 'under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement.'" *Welch v. United States*, 578 U.S. 120 (2016), quoting *Johnson v. United States,* 576 U.S. 591 (2015). The Ohio statute in question gives fair notice to everyone: do not possess or sell cocaine. Drug dealers such as Gonzales or Reese are not likely to be confused into thinking selling any amount of cocaine is lawful.

**Grounds Two, Three, and Four**

In his Second, Third, and Fourth Grounds for Relief, Reese claims he received ineffective assistance of appellate counsel, that his convictions are void as beyond the indictment, and that his convictions violate his Double Jeopardy rights.

The Report found all three of these claims were procedurally defaulted. As to Ground Two, the Fifth District Court of Appeals found that it had been filed almost two years beyond the deadline for raising ineffective assistance of appellate counsel claims in an application to reopen under Ohio R. App. P. 26(B). As to Grounds Three and Four, they were held to be untimely because they were raised for the first time in a motion to vacate void judgment when they could have been raised on direct appeal.

In his Objections, Reese argues that Court may review these claims on the merits despite the procedural defaults because he says he can show excusing cause and prejudice (ECF No. 46,

5

PageID 762, et seq.).

A habeas petitioner "can overcome a procedural default by showing (a) cause for the default and (b) actual prejudice from it." *Hall v. Vasbinder,* 563 F.3d 222, 236 (6th Cir. 2009); *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004), *quoting Murray v. Carrier*, 477 U.S. 478 (1986). Cause must be something external to the petitioner, something that cannot fairly be attributed to him; it must be some objective factor external to the defense. *Hartman v. Bagley,* 492 F.3d 347, 358 (6th Cir. 2007); *Murray v. Carrier*, 477 U.S. 478 (1986).

In this case, Reese asserts excusing cause could consist of the unavailability of the necessary legal materials to make the necessary arguments and filings (Objections, ECF No. 46, PageID 764). However, he does nothing to particularize that claim to his own situation. What was lacking in the prison library resources that he was able to consult? Only forty-five days are allowed to appeal from an Ohio Court of Appeals to the Ohio Supreme Court, but the Sixth Circuit has held this short time for legal research in prison does not establish cause to excuse failure to appeal on time. *Bonilla*, *citing Murray v. Carrier,* 477 U.S. 478, 494-95 (1986). To the extent Reese is claiming lack of legal resources is excusing cause for his failure to timely file his 26(B) Application, how can it excuse almost two years when the Sixth Circuit has repeatedly upheld the ninety-day limit? *Parker v. Bagley,* 543 F.3d 859 (6th Cir. 2008); *Scuba v Brigano*, 527 F.3d 479, 488 (6th Cir. 2007)(distinguishing holding in capital cases); *Monzo v. Edwards*, 281 F.3d 568 (6th Cir. 2002); *Tolliver v. Sheets*, 594 F.3d 900 (6th Cir. 2010), *citing Rideau v. Russell*, 2009 WL 2586439 (6th Cir. 2009). To the extent Reese is relying on ineffective assistance of appellate counsel to excuse his *res judicata* defaults, such claims must first be presented to the state courts in accordance with their regular procedure. *Edwards v. Carpenter*, 529 U.S. 446 (2000).

Because Reese has not shown excusing case, the Court need not engage in separate analysis

6

of whether he has shown prejudice, since both are necessary.

**Conclusion**

Having reconsidered the case in light of Petitioner's Objections, the Magistrate Judge remains persuaded the case is without merit and should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

April 18, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #