IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

DARREN M. REESE,

        Petitioner,    :    Case No. 2:20-cv-4124

 - vs -    Chief Judge Algenon L. Marbley
    Magistrate Judge Michael R. Merz

JAY FORSHEY, WARDEN,
 Noble Correctional Institution,

    :

        Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION TO ALTER OR AMEND THE JUDGMENT

This habeas corpus case, brought *pro se* by Petitioner Darren Reese under 28 U.S.C. § 2254, is before the Court on Petitioner's Motion to Alter or Amend the Judgment under Fed.R.Civ.P. 59(e).

For a district court to grant relief under Rule 59(e), "there must be '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (quoting *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006)).

> Motions to alter or amend judgment may be granted if there is a clear error of law, see *Sault Ste. Marie Tribe*, 146 F.3d at 374, newly discovered evidence, *see id.*, an intervening change in controlling constitutional law, *Collison v. International Chem. Workers Union, Local 217*, 34 F.3d 233, 236 (4th Cir. 1994); *Hayes v. Douglas Dynamics, Inc.*, 8 F.3d 88, 90-91 n.3 (1st Cir. 1993); *School District No. 1J v. ACANDS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), or to prevent manifest injustice. *Davis*, 912 F.2d at 133; *Collison*, 34 F.3d

1

> at 236; *Hayes*, 8 F.3d at 90-91 n.3. See also *North River Ins. Co. v. Cigna Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).
>
> To constitute "newly discovered evidence," the evidence must have been previously unavailable. See *ACandS*, 5 F.3d at 1263; *Javetz v. Board of Control, Grand Valley State Univ.* 903 F. Supp. 1181, 1191 (W.D. Mich. 1995)(and cases cited therein); Charles A. Wright, 11 *Federal Practice and Procedure* § 2810.1 at 127-28 (1995).

*Gencorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999), accord, *Nolfi v. Ohio Ky. Oil Corp.*, 675 F.3d 538, 551-52 (6th Cir. 2011), quoting *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010).

A motion under Fed. R. Civ. P. 59(e) is not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)(citation omitted). Thus, parties should not use them to raise arguments which could and should have been made before judgment issued. *Id.* Motions under Rule 59(e) must establish either a manifest error of law or must present newly discovered evidence. *Id.* Petitioner's argument is that this Court committed a manifest error of law in denying his Petition for Writ of Habeas Corpus. The Magistrate Judge concludes, however, that Petitioner has not shown any error of law in the Court's final judgment and is merely re-presenting the arguments he has already made and which the Court rejected.

At the outset of its Opinion deciding this case, the Court wrote:

> "Petitioner's prayer for relief is, at bottom, rooted in his belief that Ohio state courts have improperly interpreted state statutes; but as the Magistrate Judge pointed out, Petitioner's argument [about] the rule of lenity and its proper application to Ohio drug laws "misunderstands our role," as "it is not the province of a federal habeas court to reexamine state court determinations on state law questions."

(Opinion, ECF No. 53 at PageID 810, citing Report and Recommendations, ECF No. 43, PageID 731-32, quoting *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991)). Reese claims the Court has misunderstood his argument, but his current Motion reinforces this analysis. For example, in his

2

Motion to Amend Petitioner argues that the Ohio Supreme Court is bound to strictly construe Ohio sentencing laws, interpreting the words the Ohio General Assembly has written and citing Ohio Supreme Court precedent to that effect. (ECF No. 55, PageID 838).  But that obligation is one imposed by **Ohio** law.  Reese cites no United States Supreme Court precedent imposing strict construction as a **federal** constitutional duty.  The same thing is true of the rule of lenity.  While the federal courts generally follow that rule in interpreting federal criminal statutes, Reese cites no precedent making that a federal constitutional duty imposed on the state courts.

Reese argues at some length his claim that the statute under which he was convicted did not give him "fair warning" of what conduct was prohibited, as required by the Due Process Clause (Motion, ECF No. 55, PageID 838-45).  This Court's Opinion discussed that argument and noted that the Ohio courts had found the statute sufficiently clear to provide fair warning.  Reese responds by drawing on more general jurisprudence holding criminal statutes void for vaguensss (Motion, ECF No. 55, PageID 845, citing *Kolender v. Lawson,* 461 U. S. 352 (1983).

A law may be void for vagueness for two independent reasons.  "First, it may fail to provide the kind of notice that will enable ordinary people to understand what conduct it prohibits; second, it may authorize and even encourage arbitrary and discriminatory enforcement. *Chicago v. Morales,* 527 U.S. 41 (1999), *citing Kolender v. Lawson,* 461 U.S. 352 (1983). "[A] fair warning should be given to the world in language that the common world will understand, of what the law intends to do if a certain line is passed. To make the warning fair, so far as possible the line should be clear." *McBoyle v. United States*, 283 U.S. 25, 27 (1931) (Holmes, J.).  As the Opinion makes clear, the statute in suit is crystal clear on the "conduct it prohibits," to wit, the possession or distribution of cocaine.  Reese does not pretend he misunderstood what conduct he was prohibited from engaging in.  Surely the prohibition of possession of cocaine is one of the most widely

3

understood criminal prohibitions in America.

Instead of the basic criminal conduct, Reese argues there is ambiguity in the punishment statute, which graduates punishment according to the weight of cocaine possessed. His argument throughout has been that, for punishment purposes, only the pure cocaine in any seized mixture of cocaine with baby powder, corn starch, etc., should be counted for punishment purposes. Linguistically, the argument has appealed to some judicial readers of the statute. But it makes no sense as a fair warning argument. Does Reese seriously contend that he and other drug dealers add the adulterants they use to defraud their buyers with a view to minimizing possible punishment rather than maximizing profit from a given quantity of pure cocaine? It is prohibited conduct to which the vagueness doctrine is directed, not ambiguity in statutes setting the degree of punishment for various forms of engaging in the prohibited conduct.

More importantly, Reese's argument is directed to a claim not made in his Petition. None of his claims in the Petition asserts that the cocaine possession statute is unconstitutionally vague and a new claim for relief cannot be inserted into a habeas case at the motion to amend judgment stage of proceedings. Indeed, the courts regularly reject attempts to add claims at the traverse stage. *Jalowiec v. Bradshaw*, 657 F.3d 293 (6th Cir. 2011), *citing Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005).

Reese next argues the Ohio Supreme Court abused its discretion in reconsidering its decision in *State v. Gonzales*, 150 Ohio St.3d 261 (2016) (Motion, ECF No. 55, PageID 845-48)("*Gonzales I*"). Once again Reese is asking this Court to overrule the Ohio Supreme Court on the basis of that Court's decision of a question of state law, to wit, was "cocaine" in the drug control statutes to be understood as "pure cocaine" or the mixture of cocaine with adulterants?

The question of whether a state court judge has abused his or her discretion is not a claim

4

cognizable in habeas corpus. A claim of abuse of discretion by a state court judge is not sufficient to state a constitutional violation. *Sinistaj v. Burt,* 66 F.3d 804 (6th Cir. 1995).

The Supreme Court of Ohio decided *Gonzales I* on December 23, 2016, and vacated that decision on reconsideration March 6, 2017. *State v. Gonzales*, 150 Ohio St.3d 276 (2017). Reese argues that reconsideration of a judgment already entered is somehow improper, but that it exactly what he is acting this Court to do. Furthermore, the question of whether a state supreme Court can properly reconsider its own decisions and when is a question of state law.

**Certificate of Appealability**

As required by the Rules Governing § 2254 Proceedings, this Court decided the question of whether to grant or deny a certificate of appealability at the time it entered judgment and denied a certificate applying the standard of whether a reasonable jurist would disagree with the Court's conclusions. Reese asks us to reconsider that decision on the basis *James v. Buchanan,* 2019 U.S. Dist. LEXIS 99467 (S.D. Ohio 2019)(Sargus, D.J.).

In *James*, then Chief Judge Sargus of this Court ruled on the merits of the same questions raised in this case in the same manner as this Court has ruled. He then issued a certificate of appealability without discussing the opinions of any other judges who might have disagreed. On appeal, however, the Sixth Circuit agreed on the merits with Judge Sargus and also with this Court's decision now sought to be reconsidered. *James v. Buchanan,* Case No. 19-3655 (6th Cir. Apr. 15, 2020)(unpublished). Thus questions that might have divided reasonable jurists at the time of Judge Sargus's decision found no acceptance in the Sixth Circuit and Reese has pointed to no other precedent adopting his position. Reese has not shown any error of law in denying a certificate

of appealability in this case, although he may apply to the Sixth Circuit itself for a certificate.

**Conclusion**

For the foregoing reasons, the Magistrate Judge respectfully recommends that Petitioner's Motion to Alter or Amend the Judgment should be denied.

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

February 13, 2023.

s/ *Michael R. Merz*<br>
United States Magistrate Judge