# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

DARREN M. REESE,

        Petitioner,    :    Case No. 2:20-cv-4124

 - vs -    Chief Judge Algenon L. Marbley
    Magistrate Judge Michael R. Merz

JAY FORSHEY, WARDEN,
 Noble Correctional Institution,

    :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS ON MOTION TO ALTER OR AMEND THE JUDGMENT

This habeas corpus case, brought *pro se* by Petitioner Darren Reese under 28 U.S.C. § 2254, is before the Court on Petitioner's Objections ("Objections," ECF No. 59) to the Magistrate Judge's Report and Recommendations ("Report," ECF No. 56) recommending denial of Petitioner's Motion to Alter or Amend the Judgment under Fed.R.Civ.P. 59(e)("Motion," ECF No. 55).

On January 20, 2023, Chief Judge Marbley adopted prior Reports of the undersigned and dismissed this case with prejudice (ECF No. 53). Petitioner's instant Motion was then timely filed on February 10, 2023. Although the undersigned has recommended denial of the Motion, Chief Judge Marbley has recommitted the matter for reconsideration in light of Petitioner's extensive Objections.

The Report stated the standard for granting relief under Fed.R.Civ.P. 59(e) as "there must

1

be '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 474 (6th Cir. 2009) (quoting *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006)).  Petitioner offers no objection to that standard. Instead, he structures his Objections around two questions for the Court to answer.  This Supplemental Report will deal with those questions in order.

**Is the cannon [sic] of strict construction, a part of the rule of lenity and thus implicated in due process arguments, a federal constitutional duty that must be imposed on state courts?** (Objections, ECF No. 59, PageID 861).

Reese begins by asserting, correctly, that strict construction of criminal statutes is codified in Ohio law.  He cites Ohio Revised Code § 2901.04(A) which provides: "(A) Except as otherwise provided in division (C) or (D) of this section, sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused."  The Magistrate Judge agrees with Petitioner that this statute codifies the rule of lenity.  It was adopted as part of the recodification of Ohio criminal law effective January 1, 1974.

It is of course a matter of procedure because it instructs Ohio courts to apply the rule of lenity.  But the fact that it purports to regulate procedure does not mean it rises to the level of Due Process as that term is used in the Fourteenth Amendment.  "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995).

To obtain relief in habeas corpus, Reese cannot succeed by proving that the rule of lenity "must be imposed on the state courts." Rather he must show that the rule of lenity has already been imposed on the state courts as a matter of due process in a previous holding of the United States Supreme Court. 28 U.S.C. § 2254(d)(1) allows a habeas court to grant relief if but only if the state court ruling on the relevant question of federal constitutional law is contrary to or an objectively unreasonable application of holdings of applicable Supreme Court precedent. *Lang v. Bobby,* 889 F.3d 803, 810 (6th Cir. 2018) (citing *Harrington v. Richter*, 562 U.S. 86, 100 (2011); *Williams v. Taylor,* 529 U.S. 362, 412-13 (2000)). "Precedent" of course refers to decisions already made by the Supreme Court, not to decisions they could or should make in the future.

Reese admits the question has never been addressed directly by the Supreme Court. (Objection, ECF No. 59, PageID 861). He says it therefore falls "under the due process guarantees of the United States Constitution." *Id.* But until and unless the Supreme Court holds that the rule of lenity is required by the Fourteenth Amendment, it is not part of due process enforceable in habeas corpus.

Petitioner then proceeds to give a lengthy and erudite history of the rule of lenity (Objections, ECF No. 59, PageID 866-925). He then turns back to arguing this case: "The resolution of statutory doubt should not be applied to the defendant at bar." He concludes this section by arguing this Court must impose on the Ohio courts a duty to obey Ohio Revised Code § 2901.04(A). *Id.* at PageID 927. But the Supreme Court of Ohio, not this Court, is the ultimate arbiter of what that statute means and how it shall be enforced. Federal courts are bound to adhere to state court decisions on matters of state law. *Bradshaw v. Richey*, 546 U.S. 74 (2005).

**May a federal court overturn a decision of a State's highest court when that state court commits a procedural error in order to come to its decision?**

(Objections, ECF No. 59, PageID 927).

Reese argues the Supreme Court of Ohio violated its own rule on reconsideration when it decided *State v. Gonzales*, 150 Ohio St.3d 276 (2017), vacating *State v. Gonzales*, 150 Ohio St.3d 261 (2016) ("*Gonzales I*").  He relies on Ohio S. Ct. Prac. R. 18.02(B) which provides "A motion for reconsideration shall not constitute a reargument of the case".  He quotes extensively from the dissenting opinions of Justices Kennedy and O'Neill who argue that was exactly what the State was doing in its motion for reconsideration of *Gonzales I*.

In his Fed.R.Civ.P. 59(e) motion, he argued that what the Ohio Supreme Court did was an abuse of discretion.  The Report points out that abuse of discretion is not a cognizable claim in habeas corpus (ECF No. 56, PageID 856, citing *Sinistaj v. Burt,* 66 F.3d 804 (6th Cir. 1995)).  In his Objections, Reese has shifted ground very slightly to argue the Supreme Court of Ohio did not have discretion to decide *Gonzales II* as it did because all the State did was to reargue the case.

The question of how to properly interpret Ohio Supreme Court Rules of Practice is a question of Ohio law.  Whether the rule in question allows for the result on *Gonzales II* is therefore a question of Ohio law.  Any decision by this Court or any other federal court that the interpretation of that rule by the *Gonzales II* majority was not permitted under Ohio law would have no effect.  To answer Reese's second question, we do not have authority to impose on the Ohio courts our own interpretation of their jurisprudence, either rules of practice or precedent.

Quite astutely, Reese points out that the Report, in rejecting his Rule 59(e) motion, relies on the same principle as the Ohio Supreme Court rules of Practice in question:  motions for reconsideration are not properly occasions for rearguing the case made before judgment.  He asks only that "this Court to hold the State to the same standard it would hold itself to:  to follow the

rules prescribed by, and for, itself." (Objections, ECF No. 59, PageID 931). That analysis relies on the parallel language in the two rules in question, but misses the underlyng authority. The Ohio Supreme Court Rules of Practice are adopted by the Ohio Supreme Court itself under the Modern Courts Amendment to the Ohio Constitution, adopted in 1968. Fed.R.Civ.P. 59(e), on the other hand, was adopted by the United States Supreme Court under the Rules Enabling Act, 28 U.S.C. § 2072 and thereby imposed on all federal courts and practitioners. Cases interpreting that rule to prohibit mere reargument of points made before judgment are binding on lower federal courts not because we choose to be bound by them, but because we are bound to follow them under the doctrine of precedent. "Unless we wish anarchy to prevail within the federal judicial system, a precedent of this Court must be followed by the lower federal courts no matter how misguided the judges of those courts may think it to be." *Hutto v. Davis*, 454 U.S. 370, 375 (1982); *Litman v. Massachusetts Mut. Life Ins. Co.*, 825 F.2d 1506 (11th Cir. 1987).

Petitioner's argument is a testament to textualism, the belief that words have the same meaning regardless of the context in which they are used. He had a strong ally in Justice Scalia, as his citations in the Objections show. But ultimately it is a question of authority to interpret and that authority lies in the interpreting institution – here, the Ohio Supreme Court – and not in the words themselves. See "The Meaninglessness of the Plain Meaning Rule," Michael R. Merz, 4 Univ. Dayton L. Rev. 31 (1979).

**Certificate of Appealability**

Petitioner concludes his Objections by asking the Court to reconsider its denial of a certificate of appealability (ECF No. 59, PageID 932). To qualify for a certificate of appealability,

5

a habeas petitioner must show that reasonable jurists would disagree on one or more critical points in a decision. While Petitioner has argued forcefully that the rule of lenity should be imposed on state courts as a matter of due process, he has not cited any reasonable jurist who claims the Supreme Court has done so.

**Conclusion**

Having reconsidered the case in light of Petitioner's Objections, the Magistrate Judge recommends those Objections be overruled and the Petition dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*. Petitioner can seek a certificate and leave to proceed *in forma pauperis* from the Sixth Circuit Court of Appeals if he appeals.

March 21, 2023.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge

7