IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

DARREN M. REESE,

        Petitioner,    :    Case No. 2:20-cv-4124

- vs -    Chief Judge Algenon L. Marbley
    Magistrate Judge Michael R. Merz

JAY FORSHEY, WARDEN,
 Noble Correctional Institution,

    :

        Respondent.

## OPINION AND ORDER

      This habeas corpus case, brought *pro se* by Petitioner Darren Reese under 28 U.S.C. § 2254, is before the Court on Petitioner's Objections ("Objections," ECF No. 59) to the Magistrate Judge's Report and Recommendations ("Report," ECF No. 56) recommending denial of Petitioner's Motion to Alter or Amend the Judgment under Fed.R.Civ.P. 59(e) ("Motion," ECF No. 55), and Petitioner's Objections (ECF No. 62) to the Magistrate Judge 's Supplemental Report and Recommendations reaching the same conclusion (ECF No. 61).

      A motion to alter or amend a judgment is a dispositive motion on which a disappointed litigant is entitled to *de novo* review of the Magistrate Judge's Reports and Recommendations. The Court has conducted that review and determined that the Reports are not contrary to law nor clearly erroneous. They are therefore ADOPTED and Petitioner's Objections are OVERRULED.

      Petitioner offers no disagreement with the standard for decision of a motion to amend or alter a judgment, but strongly asserts the Reports are based on a mistake of law. That is he

continues to claim that the rule of lenity in the construction of state criminal statutes is mandated by the Due Process Clause of the Fourteenth Amendment (Objections, ECF No. 62, PageID 943).

Petitioner takes issue with the Magistrate Judge's holding that federal courts must follow state court decisions on the question of interpreting state law. *Id.* at PageID 943. Instead, he says, "It is not a matter of interpretation of a state law; it is a matter of whether state law and/or procedure and/or rules were followed here, thus implicating due process considerations by a federal court." But the fact that a state law or procedure or rule was not followed in a particular case does not create a violation of the Due process Clause. "A state cannot be said to have a federal due process obligation to follow all of its procedures; such a system would result in the constitutionalizing of every state rule, and would not be administrable." *Levine v. Torvik*, 986 F.2d 1506, 1515 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993). And the question of whether a state court has followed a state procedure or rule is a question of the interpretation of that State's law, an interpretation which federal courts are bound to follow. *Bradshaw v. Richey*, 546 U.S. 74 (2005).

Petitioner is correct that he has cited many "case and scholarly works" supporting the desirability of the rule of lenity in interpreting criminal statutes. The federal courts generally employ the rule in interpreting federal criminal statutes. But its general desirability dos not authorize us to impose it on the State of Ohio as a matter of Due Process.

In seeking a certificate of appealability, Petitioner notes that no less a jurist than Justice Scalia strongly favored use of the rule of lenity. But that is not the critical question. In deciding whether to issue a certificate, a district court must find that reasonable jurists disagree on the question of law which determines the outcome of the case. That question is whether a state conviction is unconstitutional because the Fourteenth Amendment mandates applying the rule of lenity to the underlying statute. Petitioner has identified no reasonable jurist who holds that

position.

The Motion to Alter or Amend is DENIED, making the Court's judgment (ECF No. 54) final and appealable. The Court confirms its denial of a certificate of appealability as to the underlying Petition and extends it to the Motion to Amend. The Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: May 9, 2023**